# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY,<br><br>   Plaintiff,<br>vs.<br>BRIAN MICHAEL PHILPOT et al.,<br><br>   Defendants. | CASE NO. 13-cv-0690-H (MDD)<br><br>**ORDER GRANTING JOINT MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AS TO DEFENDANTS WIRA, LACAPE, AND LYTLE**<br><br>**[Doc. No. 111]** |

On May 9, 2014, Plaintiff Banner Life Insurance Company ("Plaintiff") and Defendants Richard Wira, Rene Lacape, and Stacy Lytle filed a joint motion for a determination of good faith settlement pursuant to California Code of Civil Procedure § 877.6. (Doc. No. 111.) No party has filed an opposition to the motion. For the following reasons, the Court grants the parties' motion for a determination of good faith settlement.

## I. Background

In this lawsuit, Plaintiff alleges that Defendants participated in a scheme to fraudulently obtain commissions and bonuses by inducing complicit individuals to purchase life insurance policies without paying for the premiums. (Doc. No. 1 at ¶ 2.) According to the complaint, Defendants facilitated the purchase of insurance policies by advancing premium payments or paying complicit individuals secret rebates. (Id.) Plaintiff alleges that Defendants would collect up-front sales commissions, bonuses, and other incentives paid to them by Banner Life, and then let the policies lapse. (Id.) Plaintiff alleges that Defendants Wira, Lacape, and Lytle were insurance agents who participated in the fraudulent course of conduct. (Id. at ¶¶ 7, 14, 18.) The complaint invokes this Court's jurisdiction under 28 U.S.C. § 1332 based on the diversity of the parties' citizenship. (Id. at ¶ 24.)

## II. Legal Standard for Determination of Good Faith Settlement

A district court sitting in diversity may determine that a settlement is in good faith pursuant to California Code of Civil Procedure § 877.6. See Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC, 632 F.3d 1056, 1060-64 (9th Cir. 2011). Under section 877.6(a)(1), "[a]ny party to an action wherein it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors or co-obligors . . . ." Cal. Civ. Proc. Code § 877.6(a)(1). When a court determines that a settlement was made in good faith pursuant to section 877.6, the settlement "bar[s] any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Id. § 877.6(c).

"To determine whether a settlement has been made in good faith, California courts consider (1) 'a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability'; (2) 'the amount paid in settlement'; (3) 'the allocation of

settlement proceeds among plaintiffs'; and (4) 'a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial.'" Mason & Dixon Intermodal, 632 F.3d at 1064 (quoting Tech-Bilt, Inc. v. Woodward-Clyde & Associates, 38 Cal. 3d 488, 499 (1985)). "Other relevant considerations include the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants." Tech-Bilt, 38 Cal. 3d at 499. These factors are to be assessed "on the basis of the information available at the time of settlement." Id. at 499. The burden of proving that a settlement between the parties was not made in good faith is on the non-settling tortfeasor. See Cal. Civ. Pro. § 877.6(d).

## III. Discussion

The Court has reviewed the terms of the settlement and concludes that the settlement is in good faith. The settlement is the product of mediation and arm's length negotiation. (Doc. No. 111 at 4.) In addition, the terms of the settlement are reasonable in light of the commissions that Plaintiff paid them and the stage of the litigation. (Id. at 7-8; see generally Doc. No. 112.) In addition, there is no evidence of collusion, fraud, or tortious conduct aimed to injure the interests of other involved parties. No party has filed an opposition to the motion. Accordingly, the Court concludes that the settlement agreement is in good faith.

//
//
//
//
//
//
//
//
//

## IV. Conclusion

The Court grants the parties' motion for determination of good faith settlement as to Defendants Rene Lacape and Stacy Lytle pursuant to California Code of Civil Procedure § 877.6. The Court prohibits future tortfeasors from bringing any future claims against Defendants Rene Lacape and Stacy Lytle for indemnity, contribution or declaratory relief.

**IT IS SO ORDERED**

DATED: May 29, 2014

*/s/ Marilyn L. Huff*
Marilyn L. Huff, District Judge
UNITED STATES DISTRICT COURT